UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

G&G CLOSED CIRCUIT EVENTS, LLC,

                        Plaintiff,

      v.

NELLY R. LLANOS, *et al.*,

                        Defendants.

No. 20-CV-7388 (KMK)

ORDER

KENNETH M. KARAS, District Judge:

    G&G Closed Circuit Events, LLC ("Plaintiff") brings this action against Nelly R. Llanos ("Llanos") and Restaurant Polleria El Tumi ("El Tumi"; together, "Defendants") alleging violations of 47 U.S.C. §§ 553 and 605. (Compl. (Dkt. No. 1).) Before the Court is Plaintiff's Motion for Attorneys' Fees and Costs. (Not. of Mot. (Dkt. No. 29).) For the following reasons, Plaintiff's Motion is granted in part and denied in part.

    Plaintiff filed its Complaint on September 10, 2020. (Compl.) It served Defendants in November 2020. (*See* Dkt. Nos. 7, 8.) On December 15, 2020, Llanos filed a letter requesting an extension of time to retain counsel and submit an Answer. (Dkt. No. 9.) The Court gave defendants until February 1, 2021 to retain counsel. (Dkt. No. 10.) On March 3, 2021, Defendant requested leave to request Certificates of Default. (Dkt. No. 12.) The Court granted this request, (Dkt. No. 13), and Plaintiff requested and was issued Certificates of Default, (Dkt. Nos. 14, 15, 17, 18). On March 11, 2021, Plaintiff submitted its default paperwork, (Dkt. Nos. 19–24), and the Court on March 15, 2021 entered an Order To Show Cause for Default Judgment, (Dkt. No. 25). In Plaintiff's default papers, it requested 30 days to file a motion for costs and attorneys' fees pursuant to 47 U.S.C. § 605. (Dkt. No. 21, at 10–11.) At the April 16,

2021 default hearing, the Court approved a default judgment of $7,500, which it determined not to enter until reviewing Plaintiff's application for costs and attorneys' fees. (*See* Dkt. (minute entry for Apr. 16, 2021).) On April 20, 2021, Plaintiff filed the instant Motion. (*See* Not. of Mot.; Pl.'s Mem. in Supp. of Mot. ("Pl.'s Mem.") (Dkt. No. 30); Decl. of Pl.'s Counsel in Supp. of Mot. ("Hunter Decl.") (Dkt. No. 31); *see also* Dkt. Nos. 32, 33.)

As a prevailing party under 47 U.S.C. § 605(a), Plaintiff is entitled to "the recovery of full costs, including awarding reasonable attorneys' fees." 47 U.S.C. § 605(e)(3)(B)(iii). Plaintiff seeks fees of $1,247.36, (*see* Pl.'s Mem. 1–3), and costs of $1,820, (*see id*. at 3–4). The Court considers each request separately.

Regarding attorneys' fees, the Second Circuit requires that "any attorney . . . who applies for court-ordered compensation in this Circuit . . . must document the application with contemporaneous time records." *N.Y. State Ass'n for Retarded Child., Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). Plaintiff does not do this. Instead, it submits "[b]illable hours for legal services rendered [that] are reconstructed by way of a thorough review of the files themselves." (Hunter Decl. ¶ 6; *see also id*. Ex. 1.) It attests that, "[h]aving handled thousands of commercial signal piracy files over the last decade and a half, [Plaintiff's counsel is] most capable of calculating billable hours for legal services rendered." (Hunter Decl. ¶ 6.) The Court is not persuaded, and declines to award attorneys' fees.

Plaintiff makes three arguments to justify its approach. First, it argues that "the Second Circuit . . . has recognized that there are exceptions to [its] general rule." (Pl.'s Mem. 2.) This is true. The Second Circuit has suggested an exception where "counsel has always maintained at least some contemporaneous records." *Scott v. City of New York*, 626 F.3d 130, 133 (2d Cir. 2010). It has further suggested that, "even in the total absence of contemporaneous records," an

2

exception may be proper in "rare circumstances . . . such as where the records were consumed by fire or rendered irretrievable by a computer malfunction." *Id*. at 134.  Here, Plaintiff's submission suggests neither that it maintained some contemporaneous records, nor that its records have been destroyed.  (*See generally* Hunter Decl.)  Thus, neither exception applies.  *See J & J Sports Prods., Inc. v. Silvestre*, No. 18-CV-3731, 2019 WL 179810, at *5 (S.D.N.Y. Jan. 14, 2019) (reaching the same conclusion), *report and recommendation adopted*, 2019 WL 3297080 (S.D.N.Y. July 22, 2019).

Second, Plaintiff argues that "an attorney seeking legal fees should be afforded an opportunity to explain whether the records he or she kept are sufficient."  (Pl.'s Mem. 2–3.)  To support its argument, Plaintiff cites *Marion S. Mishkin L. Off. v. Lopalo*, 767 F.3d 144, 149–50 (2d Cir. 2014).  In *Lopalo*, the district court denied a fee award where it "could not make a determination that [counsel] did, or did not, keep contemporaneous records." *Id*. at 149.  Under these circumstances, the Second Circuit held that it was clear error to deny a fee award, and remanded "to the district court to determine whether [counsel] kept sufficiently detailed contemporaneous records as to be eligible for a fee award under *Carey*." *Id*. at 150.  Here, by contrast, it is clear that Plaintiff's time records were not contemporaneously maintained.  (*See* Hunter Decl. ¶ 6.)  Thus, no "further inquiry" is required, *Lopalo* 767 F.3d at 150, and the Court rejects this argument, *see Silvestre*, 2019 WL 179810, at *5 (reaching the same conclusion).

Third, Plaintiff cites an Eastern District of California case that "found something of a middle ground."  (Pl.'s Mem. 3.)  *See Joe Hand Promotions, Inc. v. Albright*, No. 11-CV-2260, 2013 WL 4094403, at *4 (E.D. Cal. Aug. 13, 2013).  However, this out-of-Circuit district court is not subject to *Carey*'s strict requirement of contemporaneous records.  Thus, the Court rejects

3

this argument. *See Silvestre*, 2019 WL 179810, at *6 ("This decision has no precedential value and is unpersuasive.").

As a fallback, Plaintiff argues that "fees that can reasonably be ascertained via reference to Court filings, even if not contemporaneous per se, may be recovered." (Pl.'s Mem. 3.) This is true. The Second Circuit has held that "entries in official court records (e.g. the docket, minute entries, and transcriptions of proceedings) may serve as reliable documentation of an attorney's compensable hours." *Scott v. City of New York*, 643 F.3d 56, 59 (2d Cir. 2011). However, the Second Circuit clarified that "the onus of gathering the applicable docket entries and other court records, if any, is on the applying attorney, not the district court." *Id*. Here, Plaintiff supplies no relevant docket entries or court records. (*See generally* Hunter Decl.) Nor do its moving papers include a time entry for counsel's attendance at the April 16, 2021 Order to Show Cause for Default Judgment hearing—the only conference the Court has hosted in this Action. (*See* Hunter Decl. Ex. 1.) Thus, the Court declines to award fees for Plaintiff's counsel's attendance at this hearing. *Contra Silvestre*, 2019 WL 179810, at *6 (awarding fees for attendance at a default hearing where the plaintiff's submissions included an entry for the relevant hearing).

Regarding costs, Plaintiff requests three separate categories: complaint filing fees, service of process fees, and investigative expenses. (Hunter Decl. Ex. 1.) The $400 filing fee appears on the docket, (*see* Compl. (docket text)), and Plaintiff has provided invoices for $197.36 in process server fees, (Hunter Decl. Ex. 3). Thus, Plaintiff has adequately substantiated its request for these costs. *See Silvestre*, 2019 WL 179810, at *7 (reaching the same conclusion); *see also* Local Civ. R. 54.1 ("Docket fees, and the reasonable and actual fees of the Clerk and of a marshal, sheriff, and process server, are taxable unless otherwise ordered by the Court.").

4

Courts are split on whether 47 U.S.C. § 605 permits recovery for investigative costs.[1] However, the Court need not reach this issue, because Plaintiff has not adequately established the basis for its costs. Plaintiff submits its investigator's invoice—which includes no detail about her qualifications, hours spent, or the reasonableness of her fees—and an affidavit that her fee was reasonable, (*see* Hunter Decl. ¶ 9 & Ex. 2), and identifies one case that found these materials sufficient to award investigator costs, (Pl.'s Mem. 4; *see* Dkt. No. 32 at 3 (*J&J Sports Prods., Inc. v. Bandera Cowboy Bar LLC*, No. 15-CV-352 (W.D. Tex. June 3, 2016))). But most courts that have considered the issue have concluded that plaintiffs must provide more information to support an application for investigative costs. *See G&G Closed Cir. Events, LLC v. Barajas-Quijada*, 19-CV-1259, 2020 WL 1640005, at *3 (E.D. Cal. Apr. 2, 2020) ("[T]he bare invoice submitted is insufficient to justify an award of costs."); *Silvestre*, 2019 WL 179810, at *7 (declining to award investigator costs where the plaintiff "only submitted an investigator invoice with no evidence of the investigator's qualifications and did not substantiate the time spent"); *J & J Sports Prods., Inc. v. Garcia*, No. 06-CV-4297, 2011 WL 1097538, at *6 (S.D.N.Y. Mar. 1, 2011) (declining to reimburse investigator costs where the plaintiff did not establish "the time expended by the investigator nor the reasonableness of the investigator's fees"), *report and*

---

[1] *Compare Kingvision Pay-Per-View Ltd. v. Autar*, 426 F. Supp. 2d 59, 67–68 (E.D.N.Y. 2006) (suggesting after analysis that "full costs" in 47 U.S.C. § 605 includes investigative costs); *Time Warner Ent./Advance-Newhouse P'ship v. Worldwide Elecs., L.C.*, 50 F. Supp. 2d 1288, 1302 (S.D. Fla. 1999) (Full costs may include[] recovery of investigative costs."), *with Garcia*, 2011 WL 1097538, at *6 ("[N]either 28 U.S.C. § 1920 nor 47 U.S.C. § 605(e)(3)(B)(iii) expressly provides for the award of investigative fees . . . ."), *report and recommendation adopted*, 2011 WL 1046054 (S.D.N.Y. Mar. 22, 2011); *Garden City Boxing Club, Inc. v. Mendez*, No. 05-CV-10001, 2006 WL 1716909, at *2 (S.D.N.Y. June 16, 2006) (declining to follow magistrate judge recommendation that the plaintiff be awarded investigative fees); *Kingvision Pey-Per-View Ltd. v. Cardona*, No. 03-CV-3839, 2004 WL 1490224, at *4 (S.D.N.Y. June 30, 2004) ("There is no provision for a prevailing party to be awarded the cost of its investigator.").

*recommendation adopted*, 2011 WL 1046054 (S.D.N.Y. Mar. 22, 2011); *Int'l Cablevision, Inc. v. Noel*, 982 F. Supp. 904, 918 (W.D.N.Y. 1997) (declining to award costs for an investigator where the plaintiff did not show "(1) the amount of time necessary for the investigation; (2) how much the investigators charged per hour; or (3) why the investigators are qualified to demand the requested rate"). Indeed, Plaintiff's lead case on the recoverability of investigative costs under 47 U.S.C. § 605 awarded no costs due to insufficient documentation. *See Autar*, 426 F. Supp. 2d at 67–68. The Court follows the majority of courts and declines to reimburse investigator costs absent detail about the investigator's qualifications, time spent, and hourly rate.

For the foregoing reasons, Plaintiff's Motion is granted in part and denied in part. Plaintiff is awarded $597.36 in costs for complaint filing and process server fees. The Court declines to award attorneys' fees and investigative costs.

The Clerk of Court is respectfully directed to terminate the pending Motion, (Dkt. No. 29), and, consistent with the Court's Default Judgment bearing the same date, to close this case.

SO ORDERED.

Dated: April 22, 2021
      White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE